**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

KELVI ROLANDO BANEGAS REYES,

Petitioner,

v. CIVIL ACTION NO. 3:26-cv-00725

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER TO SHOW CAUSE**

Upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), **IT IS HEREBY ORDERED** that:

1. Respondents **SHALL** file a written response to **SHOW CAUSE** as to why the Petition should not be granted by **9:00 a.m. on Friday, November 13, 2026**. The response shall indicate whether Respondents have a good faith basis to assert that they will present arguments in this case that have not previously been considered and rejected by this Court.
2. Petitioner shall have an opportunity to file a reply no later than **Monday, November 16, 2026, at 9:00 a.m.**

3. This matter shall be heard by this Court on **Tuesday, November 17, 2026**, **at 10:30 a.m.**, if necessary.

4. To the extent Respondents intend to assert that jurisdiction and/or venue in the Southern District of West Virginia is improper in this case, Respondents shall file any such objections no later than **3:00 p.m. on Thursday, November 12, 2026**. Any objections, too, shall indicate whether Respondents have a good faith basis to assert that they will present arguments pertaining to jurisdiction and/or venue that were not considered and rejected by this Court. Petitioner shall file any reply to any filed objections no later than twenty-four hours following Respondents' filing.

5. Respondents **SHALL NOT** remove or facilitate the removal of Petitioner and/or their property from the Southern District of West Virginia, pending further order of the Court **EXCEPT** to the Moshannon Valley Correctional Center in Pennsylvania. To the extent Petitioner has already been removed from the District, Respondents **SHALL IMMEDIATELY** transport Petitioner back to the District **OR** to the Moshannon Valley Correctional Center. Respondents **SHALL NOT** transport Petitioner to any other location or remove Petitioner from the United States, pending further order of the Court.

6. Respondents **SHALL ONLY** be permitted to detain Petitioner at the Moshannon Valley Correctional Center **IF THEY FIRST** file a Notice to the Court (1) accepting the Court's jurisdiction over the matter, (2) affirming that they, at the time of filing, do not have the resources or capacity to house Petitioner in the Southern District of West Virginia, and (3) explaining the manner in which Petitioner will be housed.

7. Respondents shall **FORTHWITH** and **IMMEDIATELY** afford Petitioner the opportunity to confidentially consult with counsel, in no event later than **7:00 p.m., Today, November**

**11, 2026**, and shall take all necessary steps to facilitate such communication. Petitioner shall be afforded as much time as reasonably necessary for this consultation, up to a maximum of one hour. Respondents shall provide counsel with thirty (30) minutes notice of when these calls will be scheduled. Respondents shall continue to afford Petitioner the opportunity to confidentially consult with counsel so long as they remain in custody and shall facilitate phone calls by counsel within twenty-four hours of a request, or within four hours for calls designated by counsel in good faith as urgent and time sensitive.

8. Upon receipt of this Order, Respondents shall promptly ensure that all of Petitioner's property seized incident to detention is accounted for and that all such property can be immediately made available to Petitioner in the event they are released. To the extent Petitioner's property has already been removed from this jurisdiction, Respondents shall take all necessary steps to ensure that said property can be immediately made available to Petitioner at the time of release in the event Petitioner is released.
9. Respondents shall provide Petitioner with a copy of this Order **Today, November 11, 2026**.
10. Service of this Order shall be made by Petitioner on the United States Attorney for the Southern District of West Virginia by **3:00 p.m., Today, November 11, 2026**, and shall constitute good and sufficient service on Respondents.

ENTER: November 11, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE