**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

KELVI ROLANDO BANEGAS REYES,

Petitioner,

v. CIVIL ACTION NO. 3:26-cv-00725

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioner **Kelvi Rolando Banegas Reyes** (Petition, ECF No. 1) and Respondents' corresponding Motion to Dismiss (Resp. Order Show Cause & Mot. Dismiss, ECF No. 8).

According to the Petition for Habeas Corpus, Petitioner was arrested on the morning of November 11, 2026, within the interior of the United States, in or around Hurricane, West Virginia, following a traffic stop. Pet. ¶ 15.[1] The Petition was initially entered around 10:03 a.m. on the same day. *See id.* After his arrest, Petitioner was transported to the ICE processing facility in Poca,

[1] Respondents assert that the stop occurred in Huntington, West Virginia. Order Show Cause & Mot. Dismiss, at 4.

West Virginia. Order Show Cause & Mot. Dismiss, at 4. He was then transported to Moshannon Valley Processing Center in Philipsburg, Pennsylvania, where he is presently detained. *See id.* at 5.

In his Petition for Habeas Corpus, Petitioner alleges that his detention violated (1) the Fifth Amendment's Due Process Clause; 2) the Immigration and Nationality Act, including 8 U.S.C. § 1226(a) and its implementing regulations; 3) the Fourth Amendment, Due Process Clause, Immigration and Nationality Act, and its implementing regulations; and 4) the Suspension Clause. Pet. ¶¶ 27–50.[2] Specifically, Petitioners allege that "no immigration officer . . . has conducted an individualized custody determination assessing whether Petitioner's continued detention is necessary to address flight risk, danger to the community, or the availability of conditions of release." *Id.* ¶ 19.

Respondents acknowledge the Court's prior decisions in *Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25, and *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026), ECF No. 14, and state they "may be applicable here if the Court adheres to those decisions." Resp. Order Show Cause, at 2. Furthermore, Respondents state they "believe[] this matter can be decided without a hearing." *Id.* Likewise, Petitioner asserts that the Court "may grant the Petition without a hearing." Reply Pet., ECF No. 11, at 2.

In reviewing the record, while Respondents provided Petitioner with a Form I-286 for Notice of Custody Determination, there is no evidence of an assessment of Petitioner's flight risk or danger to the community. *See* ECF No. 8-1.[3] Accordingly, the Court finds that Respondents have failed to provide Petitioner with the fundamental features of due process—notice and an

---

[2] The Court need not address Counts Three or Four of the Petition to grant relief.

[3] Respondents assert that Petitioner was assessed to be a "flight risk" and cite to Exhibit 1, ECF No. 8-1, but Exhibit 1 does not include such a determination. *See* Exhibit 1.

opportunity to be heard—in violation of 8 U.S.C. § 1226(a) and its implementing regulations and in violation of the Constitution's Due Process Clause. The record reflects that Respondents have failed to (1) meaningfully exercise their discretion as in *Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25; and (2) provide the basis for their purported custody determination as in *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026), ECF No. 14. Thus, this Court's opinions in *Escamilla* and *Carcamo Lopez* are adopted and form the basis for this brief opinion.

Accordingly, the Petition (ECF No. 1) is **GRANTED**, and Respondents' Motion to Dismiss (ECF No. 8) is **DENIED**.

Respondents are **ORDERED to PROMPTLY RELEASE** Petitioner **Kelvi Rolando Banegas Reyes**, **no later than Tuesday, November 17, at 3:00 p.m.** in Huntington, WV, at the sidewalk at the front entrance of the federal courthouse on 5th Avenue. Respondents are **DIRECTED** to provide reasonable notice of at least three (3) hours to Petitioner's counsel of the anticipated time of Petitioner's release. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioners' detention, including legal documents. Respondents shall file a notice of compliance with the Court.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or

electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Hearing previously scheduled for Tuesday, November 17, 2026, is **CANCELED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 16, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE